UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YOANA YAQUELIN CUELLAR LANDEROS,

Petitioner,

v.

BRUCE SCOTT et al.,

Respondents.

Case No. 2:26-cv-01993-TMC

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION

Before the Court is self-represented Yoana Yaquelin Cuellar Landeros's petition for writ of habeas corpus. Dkt. 4. With her petition, Cuellar Landeros argues that her detention violates her right to due process and seeks either her release or a bond hearing. *Id.* at 1. For the following reasons, the petition is DENIED.

## II. BACKGROUND

Cuellar Landeros, a citizen of Mexico, was admitted into the United States in 2000. Dkt. 10-3 at 4. She became a lawful permanent resident in 2002. *Id.*

After leaving the United States, Cuellar Landeros sought to re-enter the United States at the Del Rio, Texas port of entry on January 10, 2023. Dkt. 9 ¶ 6. She was accompanied by three

children, whom she claimed as her own. *Id.* After an investigation, law enforcement learned that one of the children was not hers, and that Cuellar Landeros attempted to smuggle this child into the United States using her son's United States Birth Certificate. *Id.* Cuellar Landeros was paroled into the United States for criminal prosecution. *Id.* ¶ 7.

On March 13, 2025, Cuellar Landeros was convicted for the felony offense of "Bringing of an Illegal Alien to the United States" and sentenced to 36 months incarceration. Dkt. 10-2 at 2–3. Soon after, an immigration detainer was placed on Cuellar Landeros with the Bureau of Prisons. Dkt. 9 ¶ 9. Cuellar Landeros was taken into ICE custody on April 22, 2026, served a notice to appear, and ultimately brought to the Northwest Immigration and Customs Enforcement Processing Center pending removal proceedings. *Id.* ¶ 10. On July 18, an immigration judge found Cuellar Landeros removable. *Id.* ¶ 12.

The instant petition was filed on June 24, 2026. Dkt. 4. Respondents filed their response on July 8, 2026. Dkt. 8.

## III. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## IV. DISCUSSION

Respondents ask the Court to deny Cuellar Landeros's petition because she is subject to mandatory detention under 8 U.S.C. § 1225(b). Dkt. 8 at 3–4. The Court agrees.

Cuellar Landeros's detention is lawful under Section 1225(b) because she was properly treated as an "arriving alien" subject to mandatory detention. Under 8 U.S.C. § 1225(b)(2)(A), a

noncitizen "seeking admission" "shall be detained" if an immigration officer determines that the noncitizen "seeking admission is not clearly and beyond a doubt entitled to be admitted." Although legal permanent residents such as Cuellar Landeros typically "shall not be regarded as seeking an admission into the United States" when they reenter the country, the INA makes an exception for legal permanent residents who have "engaged in illegal activity after having departed the United States." 8 U.S.C. § 1101(a)(13)(C)(iii). Because this exception applied to Cuellar Landeros when she attempted to smuggle a child across the border, her detention as an arriving noncitizen is permissible.

Additionally, at three months, her detention has yet to become unconstitutionally prolonged. *Diouf v. Napolitano*, 634 F.3d 1081, 1092 n.13 (9th Cir. 2011) ("As a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months."); *see Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1117–18 (W.D. Wash. 2019).

## V. CONCLUSION

For the reasons above, Cuellar Landeros's petition for writ of habeas corpus is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 31st day of July, 2026.

Tiffany M. Cartwright
United States District Judge